UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

    - v. -

BRANDY ARIAS,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CONSENT PRELIMINARY ORDER OF FORFEITURE AS TO SPECIFIC PROPERTY

22 Cr. 411 (JPC)

WHEREAS, on or about July 26, 2022 BRANDY ARIAS, (the "Defendant"), was charged in a four-count Indictment, 22 Cr. 411 (JPC) (the "Indictment"), with firearms trafficking, in violation of Title 18, United States Code, Sections 922(a)(1)(A), 924(a)(1)(D), and 2 (Count One); interstate transportation and receipt of firearms, in violation of Title 18, United States Code, Sections 922(a)(3) and 2 (Count Two); interstate travel to engage in firearms trafficking, in violation of Title 18, United States Code, Sections 924(n) and 2 (Count Three); and firearms trafficking, in violation of Title 18, United States Code, Sections 933(a)(1), 933(a)(3), and 2 (Count Four);

WHEREAS, the Indictment included a forfeiture allegation as to Counts One through Four of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Sections 924(d)(1) and Title 28, United States Code, Section 2461(c), of any and all firearms and ammunition involved in or used in, or intended to be used in, the offenses charged in Counts One through Four of the Indictment, including but not limited to:

    a) a Star PD, .45 caliber semi-automatic pistol, serial number 1600424;
    b) a Glock 17, 9mm semi-automatic pistol, serial number RMF548;
    c) a Smith & Wesson M&P, .380 caliber semi-automatic pistol, serial number NJK1136;
    d) a Charter Arms Pink Lady, .38 caliber revolver, filled-in serial number;
    e) a Smith & Wesson M&P, .380 caliber semi-automatic pistol, serial number RHV1739;

      f) a Glock 43, semi-automatic pistol, serial number ZWA115;
      g) a Springfield Armory XDM, 9mm semi-automatic pistol, serial number AT208393;
      h) a Taurus G2C, 9mm semi-automatic pistol, serial number ACN759799;
      i) a Kimber Micro 9, 9mm semi-automatic pistol, serial number 592779;
      j) Stoeger Arms, .380 caliber semi-automatic pistol, serial number 592779;
      k) a Ruger EC95, 9mm semi-automatic pistol, serial number 461-26253;
      l) a Beretta APX A1 Carry, 9mm semi-automatic pistol, serial number AXC083619;
      m) a Taurus G2C, 9mm semi-automatic pistol, serial number 1C106765;
      n) a KelTec, 9mm semi-automatic pistol, serial number 132151;
      o) a Walther PPS, 9mm semi-automatic pistol, serial number BC0240;
      p) a Ruger, 9mm semi-automatic pistol, serial number 350066884;
      q) a Drako, 9mm semi-automatic rifle, serial number RONVMB71917746;
      r) a Glock semi-automatic pistol, serial number RVW510;
      s) a Glock barrel, serial number KZG403;
      t) Glock 27, .40 caliber semi-automatic pistol, serial number TVR336;
      u) a Taurus, .38 caliber revolver, serial number WE123097;
      v) a Berreta PX4 Storm, .40 caliber semi-automatic pistol, serial number PZ2224C;
      w) a drum magazine;
      x) 22 magazines;
      y) one magazine holder;
      z) 25 rounds of .38 caliber ammunition;
      aa) 50 rounds of .40 caliber ammunition;
      bb) 100 rounds of .45 caliber ammunition;
      cc) 12 rounds of .380 caliber ammunition;
      dd) 67 rounds of 9mm ammunition; and
      ee) 47 rounds of assorted ammunition

(a. through ee., collectively the "Specific Property");

        WHEREAS, on or about November 9, 2022, the Defendant pled guilty to Counts One and Two of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegations with respect to Counts One and Two of the Indictment and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c) the Specific Property,

representing firearms and ammunition involved in the offenses charged in Counts One and Two of the Indictment;

WHEREAS, the Defendant consents to the forfeiture of all her right, title and interest in the Specific Property which constitutes property involved in the offenses charged in Counts One and Two of the Indictment that the Defendant personally obtained; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States Attorney Ni Qian and Madison Smyser, of counsel, and the Defendant and her counsel, Christopher Flood, Esq., that:

1. As a result of the offenses charged in Counts One and Two of the Indictment, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property is final as to the Defendant BRANDY ARIAS, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3. Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

4. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

5. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

6. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

7. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.

8. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

9. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

10. The signature page of this Consent Preliminary Order of Forfeiture as to Specific Property may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _____          2/8/23
    NI QIAN                             DATE
    MADISON SMYSER
    Assistant United States Attorney
    One St. Andrew's Plaza
    New York, NY 10007
    (212) 637-2364


BRANDY ARIAS

By: X Brandy Arias                      2/8/23
    BRANDY ARIAS                        DATE

By: _____           2/8/23
    AMY GALLICCHIO, ESQ.                DATE
    Attorney for Defendant
    52 Duane Street, 10th Floor New
    York, NY 10007

SO ORDERED:

_____               2/8/23
HONORABLE JOHN P. CRONAN                DATE
UNITED STATES DISTRICT JUDGE